GASPAR BERIO, ETC., Plaintiff and Appellee, *v.* LORENZO FRAU ET UX., Defendants and Appellants.

No. 5703. Argued May 24, 1933.—Decided May 31, 1933.

144

*Martínez Nadal & Martínez Rivera* for appellant.   *E. Ortiz Romeu, L. A. García del Rosario,* and *M. A. García del Rosario,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an action of debt.   The plaintiff in his complaint alleged as follows:

"That on or about May 1, 1924, an account current was opened between the plaintiff and the defendants, whereby the defendant spouses were furnished with money and merchandise on credit in the establishment of the plaintiff located in the ward of Cuchillas, Corozal, which they used for the purpose, among others, of financing and improving certain lands jointly owned by the defendants Lorenzo Frau and Juana Josefa Serra, and other land which is the separate property of Juana Josefa Serra, located in the ward of Negrón, Corozal; and that upon liquidating said account on March 7 of the present year, there was a balance of $1,795.22 in favor of the plaintiff, Gaspar Berio.

"That ever since the said liquidation was made on March 7 of the present year, the plaintiff has taken steps to collect the said sum of $1,795.22, but without success, as the defendants have refused and still refuse to pay.

"That the debt owing from the defendants to the plaintiff is liquidated and enforceable and has not been paid by them, either wholly or partially."

The defendants demanded a bill of particulars which the plaintiff furnished. It contains hundreds of small items. Many of these consist of amounts advanced in cash, some personally to the defendants. It also sets forth the payments on account made by the defendants. The latter interposed a demurrer to the complaint which was overruled. They then answered. The case went to trial, and the court, basing its decision on the allegations of the complaint and the evidence, found against the defendants. Thereupon the latter appealed to this Supreme Court and assigned in their brief two errors which, in our opinion, are nonexistent.

The first one is based on the claim that the complaint is insufficient in that it failed to set forth the various items of merchandise sold and delivered to the defendants and the price thereof, and further failed to state the payments on account made by the defendants. Citation is made of the case of *E. Rubio & Sons* v. *Carrasco,* 26 P.R.R. 224.

The appellants have no cause for complaint, especially since they filed their demurrer after they had demanded and received a bill of particulars containing all the information necessary to examine the account sued on, item by item, and to verify its balance.

Since 1921, this Court in the case of *Giménez* v. *Alfonso,* 29 P.R.R. 300, 302, has held:

"It was not necessary to liquidate the account with the intervention and consent of the defendant in order to demand payment by him at any time of the balance owing to the plaintiff on the account current, for, according to a judgment of the Supreme Court of Spain of December 2, 1887, accounts current are always considered as liquidated, inasmuch as their liquidation depends upon a simple arithmetical operation. The sums owing for merchandise purchased and not paid for in cash, but charged to account, are, generally and according to commercial custom, collectable at any time that the vendor wishes to demand payment of the balance in his favor, unless there is an agreement to the contrary allowing a certain time for payment, and this exception is a matter of defense.

"Nor was it necessary to specify in the complaint the several articles sold and delivered to the purchaser and not paid for by him, with the amount and other circumstances of the different purchases, for section 124 of the Code of Civil Procedure excludes such necessity by providing as follows:

" 'Section 124.—It is not necessary for a party to set forth in pleadings the items of an account therein alleged, but he must deliver to the adverse party, within ten days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account than the one delivered if it is too general, or is defective in any particular.'

"Under that statute the plaintiff was not required to detail the items of the account declared on, but it was incumbent upon the defendant to ask for a copy of the account in order to dispute it at the trial if he were so advised. The defendant so understood when he moved the municipal court to order that the plaintiff give him a copy of his account current from its beginning until the entry of the last item prior to the filing of the complaint.

"In opposition to the appeal and in support of the affirmance of the judgment, the appellee cites the decision of this court in the case of *E. Rubio & Sons* v. *Carrasco,* 26 P.R.R. 224; but in that case the plaintiff based his action on the liquidation of various accounts, which is not the case here. At all events, the doctrine laid down must govern the question of law that has been raised."

What was said in the *Giménez* case, *supra,* was confirmed in those of *Sanabria* v. *Rosa et al.,* 32 P.R.R. 537, 539; *Lizardi* v. *Marrero,* 32 P.R.R. 551, 553; and very recently in *Rivera* v. *District Court,* 44 P.R.R. 796.

The second error assigned is that the court erred in weighing the evidence and in rendering judgment against both defendants without there being any basis to conclude that the defendant Juana Serra was liable for the account of Lorenzo Frau.

In weighing the evidence introduced, the court in the statement of the case and opinion which served as a basis for its judgment, made the following findings:

" . . . that on or about May 1, 1924, the plaintiff opened on his official books an account current with Lorenzo Frau, for groceries,

merchandise, and cash delivered; that when the account current was opened it was agreed between the plaintiff and the defendants that all items furnished to Juana Josefa Serra would be charged to the account of Lorenzo Frau in order that only one account should be kept, and that there should be credited thereon all deliveries of farm products made by Juana Josefa Serra; that the deliveries of goods and cash were ordinarily made by the defendant pursuant to orders (*vales*) issued and signed by the defendant Juana Josefa Serra, who is the wife of the other defendant Lorenzo Frau, and were charged to the account, the said goods and money being used to finance and improve certain rural properties jointly owned by the defendants Lorenzo Frau and Juana Josefa Serra, as well as on properties belonging to the separate estate of said Juana Josefa Serra; that the latter delivered to the plaintiff some coffee grown on her separate properties aforesaid in order to be credited on account; that the defendant Juana Josefa Serra mortgaged her properties to the Federal Bank and received a certain sum of money, whereupon Lorenzo Frau paid on account the sum of $500 by a check which had been issued to his order and indorsed by him; and that upon the account being liquidated on March 7, 1929, after the entry of such credit, it showed a balance of $1,795.22 in favor of the plaintiff Gaspar Berio; that the defendants have approved said liquidation and the plaintiff has demanded from them payment of the balance which both of them have promised to satisfy, but they have failed to do so notwithstanding the demands thus made."

Upon the evidence being examined, it appears that the same supports the findings made by the lower court. The error assigned is nonexistent. It is clear that we are dealing with an appeal which has been taken merely to delay the execution of the judgment. We would impose on the appellants the costs of the appeal, were we authorized by law to do so.

The judgment appealed from must be affirmed.